**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

QIUSHAN ZHANG,

Petitioner,

v.

JEFF B. SESSIONS, Attorney General,

Respondent.

No. 14-70453

Agency No. A098-471-612

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2017[**]
Pasadena, California

Before: SCHROEDER, DAVIS[***], and MURGUIA, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Andre M. Davis, Senior Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

1

Qiushan Zhang, a native and citizen of the People's Republic of China, petitions for review of a decision of the Board of Immigration Appeals ("BIA") affirming the denial of his claims for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). We have jurisdiction pursuant to 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence, *Karouni v. Gonzales*, 399 F.3d 1163, 1170 (9th Cir. 2005), and deny the petition.

The BIA's decision to affirm the Immigration Judge's ("IJ's") adverse credibility determination is supported by substantial evidence. Under the REAL ID Act, a trier of fact may make a credibility determination under the "totality of the circumstances, and all relevant factors." 8 U.S.C. § 1158(b)(1)(B)(iii). Applying this standard, an adverse credibility determination may be based on an inconsistency, regardless of whether it is at "the heart of the applicant's claim." *Id.* "The deference that the REAL ID Act requires makes sense because IJs are in the best position to assess demeanor and other credibility cues that we cannot readily access on review." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010). The IJ concluded that Zhang's testimony was not credible. We find no basis for rejecting the IJ's judgment, which was supported by cogent reasons including inconsistencies in Zhang's testimony regarding his education and employment, and a demeanor that detracted from his credibility during cross-examination.

Zhang has not established that the record compels rejection of the IJ's lack of corroboration finding. *See Sidhu v. I.N.S.*, 220 F.3d 1085, 1092 (9th Cir. 2000), *as amended on denial of reh'g* (Sept. 27, 2000) (explaining that "where the IJ has reason to question the applicant's credibility, and the applicant fails to produce non-duplicative, material, easily available corroborating evidence and provides no credible explanation for such failure, an adverse credibility finding will withstand appellate review"). While Zhang asserts that he could not provide corroborating documentation because his family was not allowed to mail documents to the United States, the IJ was permitted to reject this explanation.

Because Zhang's testimony was not credible, he has not established past persecution or a well-founded fear of future persecution, and his asylum claim must fail. 8 C.F.R. § 208.13(b). It follows that Zhang cannot meet the more stringent standard for withholding of removal. *See Loho v. Mukasey*, 531 F.3d 1016, 1019 (9th Cir. 2008) (stating that petitioner necessarily cannot satisfy the standard of proof required to demonstrate eligibility for withholding of removal where asylum claim is denied).

The BIA's decision to deny Petitioner's CAT claim is supported by substantial evidence. Petitioner's CAT claim is based upon the same testimony as his asylum claim, which the BIA determined was not credible, and Zhang fails to

3

provide other evidence to establish that it was more likely than not that he would be subjected to torture if returned to China. *See Sowe v. Mukasey*, 538 F.3d 1281, 1288 (9th Cir. 2008) (denying petitioner's claim for CAT protection where his evidence of torture was the same evidence that he offered in support of his rejected claim for asylum).

**PETITION FOR REVIEW DENIED.**